IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MELISSA LONG,** | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NUMBER |
| | ) 00-C-2602-W |
| **COUNTY OF TUSCALOOSA,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION ON**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES**

In this sexual harassment action brought by Plaintiff Melissa Long against Defendant County of Tuscaloosa, Plaintiff seeks reasonable attorneys' fees as the prevailing party under Title VII of the Civil Rights Act of 1964. After careful consideration of the motion and supporting materials, the motion is due to be granted.

I. Background

Plaintiff was a Tuscaloosa County Employee in the License Commissioner's office. In her complaint, she alleged that she was wrongfully terminated after she declined the sexual advances of the License Commissioner. The parties settled the matter wherein Plaintiff agreed to resign effective August 27, 1999 and receive back pay. In exchange, the county agreed to expunge Plaintiff's employment records concerning the matter; (2) respond to any inquiry regarding Plaintiff's employment with a neutral response; (3) assert no prejudice to Long with regards to any rehire opportunities; (4) require the Commissioner and his staff to refrain from making any negative comments or references to Plaintiff to any third party. Plaintiff alleges that when she began to seek other employment opportunities, she learned that her personnel records

had not been expunged. In fact, they reflected that she had been terminated. Moreover, when contacted for a reference the Commissioner's office gave negative references.

In its answer, Defendant admitted that technical violations may have occurred, however, it demanded strict proof regarding the allegations of harm that Plaintiff may have suffered. Subsequently, Plaintiff filed a motion for judgment on the pleadings alleging that Defendant admitted to violating a settlement agreement by purging a file after the lawsuit was filed. The Court granted Plaintiff's motion on November 19, 2000 with respect to liability. However, leave was granted to prove damages.

A trial was conducted to determine damages. Based on a special verdict of the jury, Final Judgment was entered in the amount of $55,000. Plaintiff now requests attorney fees in the amount of $43,587.50. In their motion, Plaintiff's attorneys state that they spent 183.-5 hours and $1,200 in expenses. Attorney Richard A. Meelheim, allegedly spent 117.75 hour at $300 per hour and Attorney Tamula Yelling allegedly spent 66.1 hours at $125 per hour. Defendants argue in response, (1) this Court lacks jurisdiction over the claim, and, (2) the fees requested by Plaintiff are unreasonably high.

## II. Applicable Law

A. <u>Subject Matter Jurisdiction</u>

Section 706(f)(3) of Title VII provides, in relevant part, that "each United States district court . . . shall have jurisdiction of actions brought under this subchapter [i.e., Title VII]." A typical action "brought under" Title VII is one in which an employee sues his or her employer for the latter's discriminatory practices. Such actions do not necessarily result in Title VII litigation on the merits, however, and the Eleventh Circuit has held that when a plaintiff's cause

2

of action is based on "[her] status as [an] actual part[y] to a release, in which [she] agreed not to bring any Title VII claims," the Court has federal subject matter jurisdiction under 70e(f)(3). *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F. 2d 1503, 1508 (11th Cir. 1985).

B. <u>Attorneys' Fees Award</u>

Under Title VII, a prevailing party other than the United States is entitled to reasonable fees and costs. 42 U.S.C. § 2000e-5(k). This fee shifting provision is designed not only to facilitate enforcement of the statute, but also to provide access to the courts for victim of discrimination by making it attractive for counsel to take discrimination cases. *Blanchard v. Bergeron*, 489 U.S. 87, 95-96 (1986). After the court concludes that an applicant is a prevailing party who should be awarded attorneys' fees, it must determine what fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This determination involves two steps: calculation of the "lodestar," and appropriate adjustment.

The "lodestar" provides the baseline for a court in determining an award of attorney's fees. The "lodestar" is calculated by multiplying the *number of hours reasonably expended* by a *reasonable hourly rate*. *Loranger v. Stierheim*, 10 F. 3d 776 (11th Cir. 1994). A *reasonable hourly rate* is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 781 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The party seeking attorney's fees must provide evidence, other than the affidavit of the attorney performing the work, that the requested rate conforms with the prevailing market rate. A *reasonable time expenditure* is one that excludes excessive, redundant, or otherwise unnecessary hours. *See Hensley v. Eckerhart*, 461 U.S. 424. Fee applicants are required to use "billing judgment" such that hours which are unreasonable to

3

bill to a client "irrespective of the skill, reputation, or experience of counsel" are excluded. *Norman v. Montgomery Housing Auth.*, 836 F. 2d 1292, 1301. Generalized statements that the time spent was reasonable or unreasonable are not particularly helpful and are entitled to little weight. *See Hensley*, 461 U.S. at 439 n. 15. "As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Loranger*, 10 F. 3d at 781.

The "lodestar" is, however, only a starting point for determining attorney's fees and may be "adjusted" if the court deems such adjustment appropriate. Specifically, the court may consider any of the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974), in determining the reasonableness of the rate requested by Plaintiff. These factors are: (1) time and labor required; (2) the novelty and difficulty of the questions (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due the case acceptance; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 717-19.

### III. Analysis

A. <u>Jurisdiction is Proper</u>

Defendant disputes not only the reasonableness of the requested fees and costs, but also whether this Court has jurisdiction over this matter. Defendant argues that Plaintiff's complaint deals strictly with the breach of the settlement agreement under state law and therefore does not

implicate obligations of the County to perform duties relating to Title VII protected rights. The Court finds this argument unconvincing. In the instant case, the entire reason for the settlement agreement was Plaintiff's initial claims under Title VII. Therefore, subject matter jurisdiction is proper.

B. Fees Claimed by Plaintiff are Reasonable

   *i. Hourly Rates*

Plaintiff's attorneys seek the following amounts of compensation: (1) for Attorney Richard Meelheim- $300 per hour; and (2) for Attorney Tamula Yelling- $125 per hour. In support of these rates, Plaintiff's attorneys have submitted the affidavit of David Arrendall, an attorney who practices in the state of Alabama. Mr. Arrendall states in his affidavit that he has extensive experience in labor and employment law litigation and familiarity with the hourly rates of employment discrimination litigators in the Tuscaloosa area. Mr. Arrendall concludes that the hourly rates proposed to be charged by Attorneys Meelheim and Yelling in the present matter are reasonable.

In light of defense counsel's objections to the rates requested by Plaintiff, this Court considered the *Johnson* factors, including the skill and experience of counsel; whether the rates fell within an appropriate range of available rates; and any special circumstances that might apply. Indeed, the affidavit of David Arrendall provides evidence of many of these factors and others necessary to determine the appropriate rate of fees in this case. In addition to providing evidence of the customary fees in the Tuscaloosa area for the two attorneys involved in this case, Mr. Arrendall's affidavit provides a legal opinion on the complexity of the case, the relative skill level and knowledge of trial practice of the attorneys, as well as the reputations of the attorneys

5

in the local community.

Defendant's opposition to Mr. Arrendall's claims rests on their belief that the case at bar is "*not* a Title VII employment discrimination case." (Defendant's Brief p.10). Defendant claims that the lodestar needs to be downwardly adjusted for the fact that the case is "a simple breach of contract action confined to a trial on damages alone"–and therefore less complex than an employment discrimination matter. *Id.* Having established that this matter does indeed fall under the auspices of Title VII, the Court finds this argument specious.

Given the above case law applied to the facts of the case at bar, the rates requested by the attorneys in this case are reasonable. Accordingly, the award will be calculated based on the amounts listed in their motions: $300 per hour for Attorney Richard Meelheim, and $125 per hour for Attorney Tamula Yelling.

*ii. Compensable Hours*

Plaintiff's attorneys seek compensation for a total of 183.85 hours of service: 117.5 hours for Attorney Meelheim and 66.1 for Attorney Yelling. The attorneys provide a detailed itemization of time expended. Defendant argues that the above-cited "*Johnson* factors" dictate a downward adjustment in the number of compensable hours. Defendant does not, however, provide any substantive evidence of the inappropriateness of Plaintiff's attorneys' itemization, and supports its assertion only through repeated reference to the "straightforward" nature and "lack of complexity" of the issues raised. It is this Court's opinion that Defendant fails to meet the "sufficient particularity" standard clearly established by *Norman*.

The Court finds the time expenditure itemization provided by Plaintiff to be reasonable and all hours contained therein to be compensable. Plaintiff's attorneys are to be compensated

6

accordingly: 117.5 hours for Attorney Meelheim and 66.1 hours for Attorney Yelling.

IV. Conclusion

For the reasons articulated herein, the Court finds that Plaintiff's counsel reasonably expended 183.85 hours on this matter and incurred $1,200 in costs. Attorney Richard Meelheim reasonably expended 117.5 hours at a rate of $300 per hour and is due to be paid $35,250. Attorney Tamula Yelling reasonably expended 66.1 hours at a rate of $125 per hour and is due to be paid $8,262.50.

These conclusions will be embodied on a separate order.

DONE this the 28th day of August, 2001.

_____
Chief United States District Judge
U. W. Clemon

7